IN THE CHANCERY COURT FOR WASHINGTON COUNTY, TENNESSEE
AT JONESBOROUGH

SANDRA F. BABEL, MICHAEL HARVEL,
SUSAN S. BLAINE, JERRY R. LETTERMAN,
and CHESTER R. HOLT, Individually,
and On Behalf of All Others Similarly
Situated,

Plaintiffs,

v.

AMERICAN TRAFFIC SOLUTIONS, INC.,
and the TOWN OF BLUFF CITY,
TENNESSEE,

Defendants.

Civil Action No. 41588
Jury Demanded
Class Action

I, Brenda Sneyd, Clerk and Master of the Chancery Court, Washington County Tennessee, hereby certify that this is a true and perfect copy of the original complaint filed in this cause.
This ___ April __, 2012
_____ B. Anderson D.C.
Brenda Sneyd, Clerk and Master

## CLASS ACTION COMPLAINT

Plaintiffs Sandra F. Babel, Michael Harvel, Susan S. Blaine, Jerry Letterman, Chester R. Holt and Karen C. Holt, Individually and on behalf of all others similarly situated, allege as follows:

### I. Introduction

1. Defendants violated Tennessee law and the state constitutional rights of Plaintiffs and the putative class by denying them due process at the most immediate level of the state court system, thereby undermining public confidence in Tennessee's courts. The Defendants accomplished this while unjustly enriching themselves and concealing their illegal and unconstitutional conduct, including purposefully or negligently misrepresenting their conduct in various communications with Plaintiffs and even in some previous filings in federal court.

FILED THIS 4 DAY OF
April, 2012, AT 4:15
O'CLOCK P. M.
BRENDA SNEYD
CLERK AND MASTER

1

## II. The Parties

2. **Plaintiffs:** Sandra F. Babel is a resident and citizen of Johnson City and Washington County, Tennessee; Michael Harvel is a resident and citizen of Johnson City and Carter County, Tennessee; Susan S. Blaine is a resident and citizen of Chattanooga, Hamilton County, Tennessee; Jerry R. Lefterman is a resident and citizen of Salem and Roanoke County, Virginia. Plaintiffs have all been subject to a violation by Defendants of their rights and privileges under Tennessee law. All causes of action alleged by the Plaintiffs accrued prior to October 1, 2011.

3. **Defendants:** American Traffic Solutions, Inc. is a corporation registered with the Tennessee Secretary of State and doing business in Tennessee as a provider of electronic traffic control devices, including those devices known as photo speed enforcement cameras. The Town of Bluff City is a Tennessee municipality located in Sullivan County. Bluff City employs so-called photo speed enforcement cameras provided by Defendant American Traffic Solutions, Inc.

4. Defendant American Traffic Solutions, Inc. may be served by the Tennessee Secretary of State with process on its registered agent at Corporation Service Company, 2908 Post Avenue, Nashville, Tennessee 37203-1312. Bluff City, Tennessee, may be served with process on its City Attorney, J. Paul Frye, Esq., 5571 Highway 11-E, Suite. C, Piney Flats, Tennessee 37686.

## III. Nature of the Action

5. Plaintiffs bring this suit on behalf of drivers and vehicle owners, wherever residing and domiciled, who received traffic citations prior to October 1, 2011 resulting

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

from photo speed enforcement cameras placed in Bluff City and operated by American Traffic Solutions, Inc., a subsidiary of TransCore LP.

6. The Plaintiffs are making claims for violation of various provisions of the Tennessee Constitution related to due process, including Article I, §§ 8, 16 and 17, and Tennessee statutes, Tennessee common law, fraud, negligent and intentional misrepresentation, unjust enrichment, and civil conspiracy. The Plaintiffs seek restitution, costs, declaratory and injunctive relief and such other relief to which the Court may determine they are entitled.

7. Should this action be removed to a federal district court, the Plaintiffs also allege violations of the U.S. Constitution, specifically Article 1 of the 14th Amendment thereof, and further of the Tennessee Consumer Protection Act, Tennessee Code Annotated (T.C.A.) § 47-18-101 et seq., under the U.S. Supreme Court's holding in *Shady Grove Orthopedic Associates, P. A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (U.S., 2010). Plaintiffs further reserve additional allegations of other appropriate and available federal claims. Otherwise, all claims and causes of action sound in Tennessee law.

## IV. Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this cause under Tennessee Code Annotated § 16-11-102 and related provisions of Tennessee law. This Court is the proper venue for this action. "In a class action venue is controlled by the residence of the named representative." See *Meighan v. U.S. Communications Co.*, 924 S.W. 2d 639 (Tenn. 1996). T.R.C.P., Rule 23 provides for the maintenance of a class action in this lawsuit.

3

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

### V. Class Action Allegations

#### A. Class Definition

9. Plaintiffs bring this action on behalf of themselves and, under T.R.C.P. Rule 23, as representatives of the following class and subclass:

> All vehicle owners and drivers who received traffic citations for speeding in Bluff City, Tennessee, basing those speeding citations on corporate Defendant American Traffic Solutions, Inc. photo speed enforcement camera systems and devices prior to October 1, 2011;
>
> A subclass of vehicle owners and drivers who received speeding citations in Bluff City, TN between July 1, 2011 and October 1, 2011 following enactment of a state law prohibiting a reduction in posted speed limits of 10 m.p.h. or more in less than one mile from a traffic camera, such drivers being due a refund from illegally collected fines.
>
> Directors, officers, agents and employees of the Defendants are excluded as are Court staff and other employees of the Chancery Court for Washington County, Tennessee.

#### B. Numerosity

10. Plaintiffs do not know the exact size of the Class. However, Bluff City's revenue from its photo enforcement cameras indicates that at least hundreds of motorists have received tickets from the cameras since their installation. Plaintiffs' counsel has received at least 50 direct contacts regarding these tickets from citation recipients all over the eastern United States. The number of motorists who have received citations based on Defendants' photo speed enforcement can be expected to reach the thousands based on the revenues received by the municipalities. The potential class is so numerous and geographically dispersed across the State of

4

Tennessee and the nation that individual actions or a joinder of all class members is impractical.

### C. Typicality

11. Plaintiffs' claims are typical of the claims of the members of the potential class since all plaintiffs were deprived of state constitutional rights, most specifically due process, and wronged by the illegal conduct of the Defendants.

### D. Common Questions of Law and Fact

12. There are questions of law and fact common to the Class. Such common questions include:

> (a) Did the Defendants negligently and / or intentionally misrepresent Tennessee law to potential class members by informing them in writing that "payment is admission of guilt or liability," when in fact that is not the law of Tennessee? See *Williams v. Brown*, 860 S.W. 2d 854, 856 (Tenn. 1993). **See Exhibit 1**
>
> (b) Did Defendants negligently and intentionally misrepresent the state of the law by informing potential class members in writing that they would be subject to penalties, fines and punishments in excess of that applicable to their speeding violations under current law?
>
> (c) Did Defendants' violate the provisions of T.C.A. § 55-8-152 et. seq., setting speed limits and charging fines in excess of that allowed by law?
>
> (d) Did Defendants violate the Tennessee Constitution's due process protections by the previous actions and by the manner in which they issued citations, set court dates, noticed hearings, held or did not hold hearings, noticed convictions, claimed that convictions were adjudicated on weekends or at pre-dawn hours when the court was not open or in session, fraudulently collected fines, and thwarted the opportunity for appeal? **See Exhibit 2**
>
> (e) Did Defendants deny a fair trial to potential class members by failing to hold court when it had been announced to potential class members; and failing to re-notice potential class members of new hearing dates; and then convict them in their absence and without a hearing, sometimes fraudulently claiming that a hearing had been held, when it had not? **See Exhibit 2**

5

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

(f) Did Defendants fail to meet the requirements of their own municipal ordinances, conducting their affairs in connection with the enforcement of the tickets contrary to their own city laws --for instance not complying with the use of certified mail for notices of speeding tickets?

(g) Did Defendants admit photographs and declarations of police officers in hearings in violation of the Tennessee Rules of Evidence?

(h) Did Defendants conspire together and among themselves, violating the law and potential class members' rights, in order to enhance revenue from corporate Defendants' photo speed enforcement cameras thereby unjustly enriching themselves?

(i) Are potential class members entitled to declaratory and injunctive relief in regard to the operation of the Defendants' photo enforcement devices?

(j) What is the measure and amount of the restitution to which putative class members are entitled?

(k) Did Defendants unlawfully deprive Plaintiffs of constitutional protections available to criminal defendants by defining Bluff City speeding citations, in disregard of the plain meaning of words in English, as non-moving civil violations, in order to "grease the skids" to convictions and collections?

E. Adequacy of Representation

13. Since the Plaintiffs' claims are typical of the claims of the potential Class members and they have no adverse interests or irreconcilable conflicts with the potential class members, Plaintiffs are proper and adequate representatives.

14. Plaintiffs have retained counsel educated, experienced and competent in the prosecution of complex litigation. Plaintiffs' counsel has the necessary resources to adequately and vigorously litigate this action. Plaintiffs are aware of their fiduciary duties to the potential class as a whole and have resolved to discharge those duties faithfully.

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

15. There are no defenses of such a unique nature that may be asserted against the Plaintiffs individually, as distinct from other members of the potential class. The relief sought is common to the class.

F. Superiority

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated plaintiffs to prosecute common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense of numerous individual actions, which are financially and logistically impractical if asserted separately. Potential class members economically could not afford to prosecute these relatively small claims on their own against the corporate and municipal defendants.

17. The Defendants have acted on grounds generally applicable to the potential class. The relief sought is appropriate to the class as a whole.

18. This class action also is appropriate as follows:

    (a) there is no special interest in potential class members controlling the prosecution of individual actions;

    (b) the damages sustained by individual class members are relatively small and the expense and burden of individual litigation makes it impossible for potential class members to individually seek redress of their claims and grievances;

    (c) if liability of the Defendants is adjudicated and determined, claims of all potential class members can be administered efficiently under the direction of or as determined by the Court;

    (d) a class action in this case will promote the orderly and expeditious administration and adjudication of the Class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured;

    (e) without a class action, Plaintiffs and the Class will continue to suffer

7

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

harm and injustice at the hands of Defendants and their violations of law while Defendants will continue to reap the financial benefits of their wrongful conduct; and

(f) there will be no insurmountable difficulty in the management of the lawsuit as a class action.

19. The liability rising from Defendants' conduct may be tried on a class wide basis since the trial will only focus upon common questions that are applicable to the entire class. Those questions arise from the common practices of Defendants in the employment of the photo speed enforcement cameras at question. These liability issues exist between the Defendants and the entire class. A trial of Plaintiffs' claims will decide liability issues with respect to the entire Class.

### G. Questions of Law and Fact Predominate Over Individual Questions

20. The questions of law and fact common to the members of the Class and identified above predominate over any questions that may affect only individual members of the potential class. The common facts of this case center around Defendants' unjust and illegal operation of their photo speed enforcement cameras and the improper use of the judicial system to make money while denying basic legal rights and Tennessee Constitutional guarantees to potential members of the class.

### VI. Factual Allegations

21. Defendant American Traffic Solutions, Inc. has entered into a contract with Bluff City, Tennessee, to operate photo speed enforcement cameras and systems. The agreement allows Defendant American Traffic Solutions, Inc. to supply and install the camera enforcement equipment and then split the proceeds of traffic citations with Bluff City. Defendant Bluff City virtually lends its municipal authority to Traffic Solutions, playing little or no other significant role in the operation of the speeding enforcement

8

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

cameras other than reaping the benefit of fines. Defendants' photo enforcement systems represent a mockery of justice and due process in the legal forum in which most Tennesseans come in contact with the state's court system.

22. It is Plaintiffs best information and belief that the vast bulk of the documentation involved in operation of the Defendants' photo enforcement systems is done and provided by the corporate Defendants. Citations, notices and other documents appear to be generated outside of Tennessee either under the corporate Defendants' direction or by their agents with virtually no involvement of Bluff City other than the loan of its legal authority to the corporation. It is the Plaintiffs best information and belief that American Traffic Solutions even selected and directs the Texas law firm hired to collect delinquent payments from convictions flowing from the issue of citations in Bluff City. Bluff City is, in practical terms, incapable of providing the logistics, personnel and information technology necessary to operation of the system at any level. Bluff City simply provides the strong arm and color of the law to the process, benefiting by receiving a cut of the proceeds from American Traffic Solutions, Inc.

23. The main selling point of the photo enforcement systems, contrary to the public protestations of Defendants, appears to be the steady stream of relatively easy money that flows to Bluff City and TransCore LP through its subsidiary, Defendant American Traffic Solutions, Inc. It should be noted that drivers drag racing through Bluff City at speeds in excess of 100 m.p.h. would receive only the same fine and penalties through the Defendants' photo enforcement system as drivers exceeding the speed limit by 5 m.p.h. Safety, if it is a concern, plays only a small role in the operation of the

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

speeding cameras in Bluff City, particularly as compared to the many hundreds of thousands of dollars the Defendants receive.

24. Citations sent out by the Defendants indicated that the alleged offender who pays the ticket is admitting guilt or liability. This untrue statement and misrepresentation of the law in Tennessee forced alleged offenders who did accept that they were guilty into making court appearances to protest their tickets rather than admit guilt. Many of these Plaintiffs also were forced to miss work and travel great distances to contest tickets in Bluff City only to find no court in session. In fact, the law of Tennessee, as expressed by the Tennessee Supreme Court, is that paying a traffic ticket is not an admission of guilt. It is often just a matter of convenience. See above, *Williams v. Brown* at 856. It is a fundamental aspect of due process that an accused, even in municipal court, has a right to announce in open court that she is not guilty. That is impossible when there is no open court. Likewise, an accused has a right not to be misled by a tribunal that payment of a fine is an admission of guilt and liability when that is not in fact the case.

25. There is no simultaneous notice of the speeding offense in Bluff City. Alleged offenders receive notice by mail. Bluff City, however, fails to assure that drivers receive notice of their alleged offense even though Bluff City's own ordinances call for certified letters or other such guarantees of dispatch and receipt.

26. Alleged offenders, such as Plaintiff Jerry R. Letterman, whose original court dates in Bluff City were cancelled for lack of a prosecutor or other reasons, received neither notices of the cancellation nor notices of subsequent court dates. Numerous other alleged offenders appeared in Bluff City for hearings only to be informed that no

10

court would be held and that the hearing had been cancelled without notice. Plaintiffs such as Mr. Letterman subsequently received conviction notices from Bluff City, purporting to come from the "Bluff City, TN, Photo Safety Program", P.O. Box 742503, Cincinnati OH 45274-2503, claiming that the recipients had been found guilty on a subsequent date when there was again no prior notice, no prosecutor, and no court in session, facts concealed from potential class members by Defendants. Numerous speeding convictions were announced to have been adjudicated on days and at times when there was no court in operation and at pre-dawn or early morning hours when municipal facilities were locked up. See Exhibit 2 in which named Plaintiff Chester Holt was notified that he had been convicted on Sunday, October 31, 2010 at 6:57 A.M. This was not an isolated incident in that many Plaintiffs are convicted in Bluff City by electronic lottery rather than an actual hearing and judicial proceeding. Also See Exhibit 3 (Notice to Appear and Notice of Determination) In which named Plaintiff Jerry R. Letterman was convicted on the day before his scheduled hearing, a hearing that, in fact, was cancelled without notice to Plaintiff Letterman or other citation recipients.

27. Subsequent to the events described in the previous paragraphs, Defendants hired a Texas law firm to collect allegedly delinquent fees based on Defendants' erroneous claims of having legally issued tickets, held hearings and recorded convictions of the Plaintiffs. Plaintiffs received dunning notices from Defendants' debt collection law firm in connection with the alleged fines, the basis of which the law firm failed to investigate and confirm in any manner.

11

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

28. On inquiry from potential class members, Defendant Bluff City provided inaccurate, incomplete or misleading information about the citation process, the operation of the photo enforcement equipment and the process for adjudicating citations in court. The former police chief of Bluff City went so far as to contact the employer of Plaintiff Susan Blaine, a Captain in the Chattanooga Police Department's Internal Affairs Division, in an attempt to intimidate her into dropping her personal challenge to a Bluff City ticket citation and her quest for information about Bluff City's citation system and court operations. Some of those conversations were automatically recorded in the natural course of the Chattanooga Police Department's daily operations.

29. When Plaintiffs questioned either Defendant regarding the operation of the photo enforcement equipment or the citation process, Plaintiffs were invariably referred to the other Defendant as the responsible and/or knowledgeable party, effectively deflecting responsibility from either Defendant. Defendants thus concealed problems, deficiencies and illegalities in the operation of the photo enforcement system from Plaintiffs and others even up to the date of this filing. Defendants also concealed information from Plaintiffs by providing false information, reports and documentation indicating the occurrence of non-existent court hearings and conviction proceedings. Defendants conduct also effectively thwarted appeals, particularly by potential class plaintiffs living at significant distances from Bluff City. Defendants provided no information or direction to Plaintiffs –the vast majority of which were neither lawyers nor could afford lawyers to fight the Bluff City citations.

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the class, pray for the following relief:

12

A. That the Court order that this action is a proper class action, Plaintiffs are appropriate class representatives, and their counsel is qualified class counsel;

B. Declaratory and Injunctive relief regarding the operation of Defendants' traffic enforcement cameras in Bluff City, Tennessee including that the Court enter an order requiring the Defendant to cease all acts complained of herein and enjoining the Defendants from continuing to operate the Bluff City camera enforcement program in violation of the Tennessee Constitution and other applicable state law;

C. That the Court find that the Defendants have been unjustly enriched and that the Court award appropriate restitution including a full refund of all fines costs and fees to Plaintiffs and members of the putative class which they represent;

D. That the Court award Plaintiffs the cost of this action, plus reasonable attorney fees;

E. That the Court order such other relief as the Court may deem just.

Respectfully submitted:

*/s/ Robert L. King*

Robert L. King, BPR# 011846
Attorney for Plaintiffs
P.O. Box 4055
Johnson City TN 37602-4055
423.283.6446
kinglaw@chartertn.net

13

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

## Cost Bond

We acknowledge ourselves as surety for costs in this action.

*Robert L. King*
Robert L. King, BPR# 011846
P.O. Box 4055
Johnson City TN 37602-4055
423.283.5445
kinglaw@chartertn.net

14

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com



Bluff City, TN
Photo Safety Program
4391 Bluff City Highway
Bluff City, TN 37618

# DELINQUENT NOTICE OF VIOLATION

EXHIBIT 1

PLEASE SEE BACK FOR IMPORTANT INFORMATION

NOTICE #: 1641000211672
PIN: 1490

Pay with your Visa or MasterCard at
www.violationinfo.com

CHESTER R HOLT
683 LOWER RUSH BRANCH RD
SUGAR GROVE, NC 28679-9531

Amount Due: $130.00
Due Date: IMMEDIATELY

| VEHICLE LICENSE NUMBER | STATE |
|---|---|
| PWJ8030 | NC |

| YEAR | MAKE | MODEL |
|---|---|---|
| 1999 | NIS | |

LOCATION OF OFFENSE
NB HWY 11 @ POPLAR RIDGE RD

DATE/TIME OF OFFENSE
08/14/2010 05:32:15 pm

COMPLAINT OFFICER
JOHN ROBERTS

TRAFFIC CODE SECTION NUMBER
Section

NATURE OF OFFENSE
SPEEDING

ISSUE DATE
11/06/2010

You have failed to respond to your Notice of Violation. Please disregard this Notice.

Dear Sir/Madam:

You have failed to respond in a timely manner to the Notice of Violation listed above.

If you have not already requested a Court hearing, you have waived your right to having one, and you have waived your right to appeal this Notice.

Failure to respond may result in collection proceedings being instigated against you for the entire amount of such penalty.

It is in your best interest to pay the civil penalties due immediately. Please see the reverse side of this notice for payment options.

---

Pay with your Visa or MasterCard at www.violationinfo.com or mail your check/money order with this coupon to the address below.

| NAME: CHESTER R HOLT | | DUE DATE: IMMEDIATELY |
|---|---|---|
| NOTICE #: 1641000211672 | VERSION: 1  ISSUED: 11/24/2010 | |
| PLATE: PWJ8030 | STATE: NC  TYPE: Regular | |

✓ Make your check or money order payable to City of Bluff City.
✓ Payment must be received prior to due date shown.
✓ DO NOT MAIL CASH.
✓ Write the Notice # on the front of your payment.
✓ Do not tape, staple or paperclip items.
✓ Insert this tear-off coupon in the enclosed envelope with the address (at the right) showing through the window.
✓ Payment is admission of guilt or liability.

Bluff City, TN
Photo Safety Program
P.O. Box 742503
Cincinnati, OH 45274-2503

FILED THIS 4 DAY OF
Oct 2011 AT 4:15
O'CLOCK P.M.
BRENDA SNEYD
CLERK AND MASTER

AMOUNT DUE: $130.00

1 1641000211672 000007281490 130004

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com



BLUFF CITY COURT
4391 Bluff City HIGHWAY
Bluff City, TN 37618

EXHIBIT 2

# NOTICE OF DETERMINATION

CHESTER R HOLT
683 LOWER RUSH BRANCH RD
SUGAR GROVE, NC 28679-9531

| DEFENDANT INFORMATION | | HEARING INFORMATION | |
|---|---|---|---|
| NAME: | CHESTER R HOLT | HEARING DATE: | 10/31/2010 |
| ADDRESS: | 683 LOWER RUSH BRANCH RD SUGAR GROVE, NC 28679-9531 | HEARING TIME: | 06:57 AM |
| | | HEARING LOCATION: | Bluff City Court 4391 Bluff City Hwy Bluff City, TN 37618 |
| LICENSE PLATE: | PWJ8030  STATE: NC | | |
| NOTICE #: | 1641000211672 | DETERMINATION: | GUILTY |
| PIN: | 1490 | AMOUNT DUE: | $130.00 |

Pay the fine by due date

---

Mail your check or money order with this coupon to the address below



| NAME: | CHESTER R HOLT | DUE: | 10/31/2010 |
|---|---|---|---|
| NOTICE #: | 1641000211672 | ISSUED: | 08/30/2010 |
| PLATE: | PWJ8030 | STATE: NC  TYPE: | Regular |

✓ Make your check or money order payable to Bluff City, TN
✓ DO NOT MAIL CASH
✓ Write the Notice # on the front of your payment
✓ Do not tape, staple or paperclip items
✓ Payment must be received prior to the due date shown.

Bluff City, TN
Photo Safety Program
PO Box 742503
Cincinnati, OH 45274-2503

FILED THIS 4 DAY OF
April 2012, AT 4:15
O'CLOCK P.M.
BRENDA SNEYD
CLERK AND MASTER

AMOUNT DUE: $130.00

5  1641000211672  000007281490  130000

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

04-10-'12 16:06 FROM-City of Bluff City   4235387138        T-406  P0019/0020 F-232



Bluff City, TN
Photo Safety Program
4391 Bluff City Highway
Bluff City, TN 37618

# NOTICE TO APPEAR

EXHIBIT 3 (two pages)

PLEASE SEE BACK FOR IMPORTANT INFORMATION

NOTICE #: 1641000084129
PIN: 0657
Pay with your Visa or MasterCard at
www.ViolationInfo.com

JERRY RAY LETTERMAN
703 APPERSON DR
SALEM, VA 24153-7020

Amount Due: $90.00
Due Date: 12/14/2010

| Vehicle License Number | State |
|---|---|
| XZY8327 | VA |

| Year | Make | Model/Style |
|---|---|---|
| 1992 | CHEV | |

Location of Offense
SB HWY 11 @ POPLAR RIDGE RD

Date / Time of Offense
04/17/2010  05:51:00 pm

| Complaint Officer | ID# |
|---|---|
| GREG DEPEW | BC3 |

Traffic Code Section Number
Section Section 15-801(3)

Nature of Offense
SPEEDING

Issue Date
08/08/2010

Dear Sir/Madam:

If you have already paid this Notice of Violation, please disregard this Notice.

You have failed to respond in a timely manner to the Automated Camera Notice of Violation listed above, issued to the vehicle registered in your name.

You must appear in Court located at 4391 Bluff City Highway, Bluff City, TN 37618 on December 14, 2010 2:30 pm.

Failure to appear constitutes the separate offense of contempt of court.

Failure to appear to answer or satisfy this citation will be the same as a conviction and will result in the suspension of your driver's license.

---



Pay with your Visa or MasterCard at www.ViolationInfo.com or mail your cashier check or money order with this coupon to the address below

| NAME: | JERRY RAY LETTERMAN | | | |
|---|---|---|---|---|
| NOTICE #: | 1641000084129 | VERSION: | 1 | ISSUED: 05/08/2010 |
| PLATE: | XZY8327 | STATE: | VA | TYPE: |

- Make your check or money order payable to the Bluff City, TN
- Payment must be _received_ prior to due date shown
- DO NOT MAIL CASH
- Write the Notice # on the front of your payment
- Do not tape, staple or paperclip items
- Insert this tear-off coupon in the enclosed envelope with the address (at the right) showing through the window
- Payment is admission of guilt or liability

Bluff City, TN
Photo Safety Program
P.O. Box 742503
Cincinnati, OH 45274-2503

FILED THIS 4 DAY OF
April 2012 AT 4:16
O'CLOCK P.M.
BRENDA SNEYD
CLERK AND MASTER

AMOUNT DUE: $90.00

1 1641000084129 000005740657 090000

---

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

Case 2:12-cv-00194  Document 1-1  Filed 05/09/12  Page 17 of 20  PageID #: 23



BLUFF CITY COURT
4391 Bluff City HIGHWAY
Bluff City, TN 37618

EXHIBIT 3 (2nd of two pages)

# NOTICE OF DETERMINATION

JERRY RAY LETTERMAN
703 APPERSON DR
SALEM VA 24153-7020

| DEFENDANT INFORMATION | | |
|---|---|---|
| NAME: | JERRY RAY LETTERMAN | |
| ADDRESS: | 703 APPERSON DR | |
| | SALEM, VA 24153-7020 | |
| LICENSE PLATE: | XZY8327 | STATE: VA |
| NOTICE #: | 1641000099408 | |
| PIN: | 0657 | |

| HEARING INFORMATION | |
|---|---|
| HEARING DATE: | 12/13/2010 |
| HEARING TIME: | 02:30 PM |
| HEARING LOCATION: | Bluff City Court |
| | 4391 Bluff City Hwy |
| | Bluff City, TN 37618 |
| DETERMINATION: | GUILTY |
| AMOUNT DUE: | $130.00 |

Pay the fine by due date.



Mail your check or money order with this coupon to the address below

| NAME: | JERRY RAY LETTERMAN | DUE: | 12/19/2010 |
|---|---|---|---|
| NOTICE #: | 1641000099408 | ISSUED: | 06/24/2010 |
| PLATE: | XZY8327 | STATE: VA | TYPE: |

- Make your check or money order payable to Bluff City TN
- DO NOT MAIL CASH
- Write the Notice # on the front of your payment
- Do not tape, staple or paperclip items
- Payment must be received prior to the due date shown.

Bluff City, TN
Photo Safety Program
PO Box 742503
Cincinnati, OH 45274-2503

AMOUNT DUE: $130.00

5 1641000099408 000005740657 130009

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

| WASHINGTON County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number 4188 |
|---|---|---|

SANDRA F. BABEL, et al PLAINTIFFS Vs. AMERICAN TRAFFIC SOLUTIONS, INC. & BLUFF CITY TN DEFENDANTS

Served On:                                                                CLASS ACTION
TOWN OF BLUFF CITY, CITY ATTY., J. PAUL FRYE, 5571 HIGHWAY 11-E, SUITE C, PINEY FLATS TN 37686

You are hereby summoned to defend a civil action filed against you in CHANCERY Court, WASHINGTON County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: April 4, 2012 at 4:35 p.m.     _____ Clerk / Deputy Clerk

Attorney for Plaintiff:   Robert L. King, Esq.
                          PO Box 4055 Johnson City TN 37602-4055 (423) 283-5445

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
                                    Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____  By: _____
                                    Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____
                                    Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff                   Plaintiff's Attorney (or Person Authorized to Serve Process)
                                         (Attach return receipt on back)

I, Brenda Sneyd, Clerk and Master of the Chancery Court, Washington County Tennessee, hereby certify that this is a true and perfect copy of the original summons filed in this cause.
*If you need further accommodations because of a disability, please call Kevin Huff, ADA Coordinator, at 423-788-1415*

This April 4, 2012

Brenda Sneyd, Clerk and Master

Rev. 03/11

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com



# City of Bluff City

4391 Bluff City Highway • Bluff City, TN 37618
Telephone: (423) 538-7144 • Fax: (423) 538-7138
Email: bluffcityoltyof@aol.com

Mailing Address:
P.O. Box 70
Bluff City, Tennessee 37618



Tri-Cities
TN/VA

All-America City

1999

**TO:** TML

**FROM:** Judy Dulaney, City Manager

**FAX NO-** 615-370-0593

**NO. PAGES (including cover) – 20**

**DATE:** April 10, 2012

**RE:**

Urgent           For Review      Please Comment        Please Reply

This message is intended only for the use of the Individual or entity to which it is addressed. It may contain information that is privileged, confidential, and exempt from disclosure under law. If the reader of this message is not the intended recipient, or the employee, or agent responsible for delivering the message to the intended recipient, you are notified that any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the address listed via the U.S. Postal Service. Thank you.

**COMMENTS**

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com