UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHRISTOPHER SHANNON CAWOOD, <br><br> and <br><br> JONATHAN KELLY PROFFITT, <br><br> Plaintiffs, <br><br> v. <br><br> BLUFF CITY, <br> MAYOR IRENE WELLS, <br> and <br> AMERICAN TRAFFIC SOLUTIONS INC. <br><br> Defendants. | Case No.: <br> JURY DEMANDED <br> CLASS ACTION |

## CLASS ACTION COMPLAINT

1. The Plaintiffs are individuals who received citations and/or tickets in Bluff City, Tennessee with the use of an electronic camera installed and maintained by American Traffic Solutions, Inc.

2. Defendant Bluff City is a municipality incorporated in Sullivan County, Tennessee. Defendant Irene Wells is the mayor of Bluff City, and upon information and belief, lives in Sullivan County, Tennessee. Upon information and belief, American Traffic Solutions Inc is a corporation located in Scottsdale, Arizona.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Rule 23 of the Federal

1

Exhibit 4

Case 2:11-cv-00270 Document 1 Filed 09/19/11 Page 1 of 9 PageID #: 1
Case 2:12-cv-00194 Document 1-4 Filed 05/09/12 Page 1 of 10 PageID #: 42

Rules of Civil Procedure and 28 U.S.C. § 1332 as amended under The Class Action Fairness Act of 2005, and pursuant to a federal question under the Fair Debt Collection Practices Act; furthermore the Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1867.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a part or substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. Further, the incident complained of took place in Sullivan County, Tennessee, therefore, personal jurisdiction and venue is proper in this Court.

## CLASS ACTION

6. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure, Rule 23. This action satisfies the numerosity, commonality, typicality, adequacy and predominance, and superiority requirement of those provisions.

7. Plaintiff Christopher Shannon Cawood brings this class action on behalf of himself and all others similarly situated, as members of the following proposed class: **The class consists of all persons who has received a traffic violation issued by Bluff City Police Department by way of video camera situated on Highway 11e in Sullivan County, Tennessee, which resulted in a fine.**

    a. <u>Numerosity of the Class. Fed. R. Civ. P. 23</u>. The Class is so numerous that the individual joiner of all its members is impracticable.

2

b. <u>Existence and Predominance of Common Questions of Law and Fact Fed. R. Civ. P. 23</u>. Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual members of the Class.

c. <u>Typicality of Claims. Fed. R. Civ. P. 23</u>. The Class Representative, Shannon Cawood, is an adequate representative. Plaintiff's claims are typical of the claims of the members of the Class.

d. <u>Adequacy of Representation. Fed. R. Civ. P. 23</u>. Shannon Cawood's interest does not conflict with the interests of the members of the Class he seeks to represent. Furthermore he has retained counsel competent and experienced in the prosecution of complex product, tort, and environmental actions, and they intend to prosecute this action vigorously for the benefit of the Class. The interests of the members of the Class will be fairly and adequately protected by plaintiff and his counsel.

e. <u>Superiority. Fed. R. Civ. P. 23</u>. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of Class Members' claims is impracticable. Even if any Class members could afford individual litigation, the court system could not. Individual litigation further presents a potential for inconsistent or contradictory judgments. Individual litigation increases the delay and expense to all parties and the court system in resolving the issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and

3

Case 2:11-cv-00270   Document 1   Filed 09/19/11   Page 3 of 9   PageID #: 3
Case 2:12-cv-00194   Document 1-4   Filed 05/09/12   Page 3 of 10   PageID #: 44

comprehensive supervision by a single court. Notice of the pendency of this class action can be provided to Class members by publication and broadcast.

8. e various claims asserted in this action are additionally or alternatively certifiable under the provisions of Federal Rules of Civil Procedure 23:

   a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for Defendant;

   b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or would substantially impair or impede the ability of such non-party Class members to protect their interests; and Defendant have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### NEGLIGENCE AND NEGLIGENCE *PER SE*

9. The Defendants, acting jointly and as co-conspirators, are guilty of negligence, by carelessly and/or negligently reducing the speed limit on Highway 11e in Sullivan County, Tennessee, thus creating a "speed trap."

4

Case 2:11-cv-00270  Document 1  Filed 09/19/11  Page 4 of 9  PageID #: 4
Case 2:12-cv-00194  Document 1-4  Filed 05/09/12  Page 4 of 10  PageID #: 45

According to Tenn. Code Ann. § 55-8-153, *Establishment of speed zones*, "The department of transportation is empowered to lower the speed limits prescribed in § 55-8-152 in business, urban or residential districts, or at any congested area, dangerous intersection or whenever and wherever the department shall determine, upon the basis of an engineering and traffic investigation, that the public safety requires a lower speed limit." "The legislative authorities of municipalities shall possess the power to prescribe lower speed limits on highways designated as state highways in their respective jurisdictions when, on the basis of an engineering and traffic investigation, it is shown that the public safety requires a lower speed limit." Tenn. Code Ann. § 55-8-153. Upon information and belief, Bluff City failed to perform an engineering and traffic investigation pursuant to statute, and therefore was negligent in assessing the need for such speed reduction on Highway 11e. Such reduction was much lower than required, thus creating a "speed trap." Such actions by the defendants constitute common law negligence, which caused harm to plaintiffs.

10. Plaintiffs would further allege that failure to adhere to Tenn. Code Ann. § 55-8-153 is negligence per se, which caused harm to plaintiffs.

## **FRAUD**

11. If discovery indicates that the defendants intentionally did not perform an engineering and/or traffic investigation, pursuant to Tenn. Code Ann. § 55-8-153, then plaintiffs would reserve the right to plead fraud and/or intentional misrepresentation against defendants for such deceptive actions.

-5-

Case 2:11-cv-00270 Document 1 Filed 09/19/11 Page 5 of 9 PageID #: 5
Case 2:12-cv-00194 Document 1-4 Filed 05/09/12 Page 5 of 10 PageID #: 46

## VIOLATION OF TENN. CODE ANN. § 55-8-198

12. Plaintiffs would further allege that defendants, jointly and as co-conspirators, violated Tenn. Code Ann. § 55-8-153 by assessing costs in excess of the fine. The statute states "No additional penalty or other costs shall be assessed for nonpayment of a traffic violation . . . ." Tenn. Code Ann. § 55-8-153(b)(1). "The notice of violation shall state separately any additional fees or court costs that may be assessed if the fine is not paid timely or if the violation or citation is contested and the person is convicted or found guilty of the offense." Tenn. Code Ann. § 55-8-153(b)(2). Furthermore, according to the statute, the violator shall pay no more than fifty dollars ($50.00) if the citation is timely paid.

13. Defendants have systematically violated Tenn. Code Ann. § 55-8-153 by imposing a forty dollar ($40.00) administrative fee in excess of the fifty dollar. . This administrative fee is according to Bluff City Ordinance NO. 2009-002, which is unlawful and in direct violation of Tenn. Code Ann. § 55-8-153. Bluff City Ordinance NO. 2009-002.

14. Such violations have damaged the class by imposing an illegal and improper fee of $40.00 on each member of the class.

15. Such violation of this statute is negligence per se.

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Defendants, jointly and as co-conspirators, have violated the Fair Debt Collections Practices Act by threatening criminal prosecution for contempt of court and suspension of driver's license (Notice to Appear, Exhibit 3), which

6

Case 2:11-cv-00270 Document 1 Filed 09/19/11 Page 6 of 9 PageID #: 6
Case 2:12-cv-00194 Document 1-4 Filed 05/09/12 Page 6 of 10 PageID #: 47

states that "the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." "The threat to take any action that cannot be taken or that is not intended to be taken." 15 USC 1692e § 807.

17. The punishment for contempt of court may be by fine or by imprisonment, or both. Tenn. Code Ann. § 29-9-103

18. Though defendants admit in Bluff City Ordinance NO. 2009-002 they must "enforce and collect all penalties in the nature of a debt as otherwise provided by law," which includes the Fair Debt Collection Practices Act, they nonetheless threaten criminal penalties and other actions they cannot legally take, including the suspension of driving privileges, which is contrary to their own ordinance: "A violation for which a civil penalty is imposed hereunder shall be considered a moving violation and may not be recorded by the division of police services or the Tennessee Department of Safety on the driving record of the owner or driver of the vehicle and may not be considered in the provision of motor vehicle insurance coverage. Bluff City Ordinance NO. 2009-002(5)(C).

19. Such violations have damaged the class by threatening an illegal and improper attempt to collect a debt, causing injury to all class members.

20. Such violation of this Act is negligence per se.

## DAMAGES

7

Case 2:11-cv-00270   Document 1   Filed 09/19/11   Page 7 of 9   PageID #: 7
Case 2:12-cv-00194   Document 1-4   Filed 05/09/12   Page 7 of 10   PageID #: 48

The actions of defendants have caused injury to members of the class, and plaintiffs would request reimbursement of any and all money paid from such fines, any out-of-pocket expenses to litigate or resolve such fines, damages for physical and emotional damages, attorney fees if applicable, treble damages if applicable, and costs, and all civil penalties allowable under the Fair Debt Collections Act.

**WHEREFORE**, Plaintiffs' sue individually and as a class in the amount Of actual damages or SIX MILLION DOLLARS ($6,000,000.00), whichever is greater.

### ADDITIONAL PRAYERS FOR RELIEF INCLUDE

That the Court certify Plaintiffs' action as a Class Action on behalf of all others similarly situated, appoint Plaintiffs' counsel as counsel for the class, and order that Notice be given to the Class of this action

1. Discretionary and incidental costs; and
2. Any general relief not herein specified.

The Plaintiffs demand that a jury try this cause.

RESPECTFULLY SUBMITTED this 19th day of September, 2011.

-8-

By: s/ Dan C. Stanley, BPR# 021002
Dan C. Stanley, #021002
Attorney for Plaintiffs

STANLEY & KURTZ, PLLC
422 Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 522-9942
Fax: (865) 522-9945

9

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christopher Shannon Cawood

## DEFENDANTS
Bluff City, et. al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dan C. Stanley
Stanley & Kurtz
422 South Gay Street, Suite 301, Knoxville, TN 37902

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
_____
Brief description of cause:
Class action against city for speeding cameras

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 6,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 1-20-2011
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____